UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Speed RMG Partners, LLC, Robby Gordon, and Todd Romano,<br><br>  Plaintiffs,<br><br>v.<br><br>Arctic Cat Sales Inc., Arctic Cat Inc., Textron Specialized Vehicles Inc., and Textron Inc.,<br><br>  Defendants. | Case No. 20-CV-00609 NEB/LIB<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION AND STATEMENT OF FACTS

On August 6, 2021, the Court permitted Speed RMG Partners, LLC; Robby Gordon; and Todd Romano ("Speed") to amend their complaint and seek punitive damages against Arctic Cat Sales Inc., Arctic Cat Inc., Textron Specialized Vehicles Inc., and Textron Inc. ("Defendants"). (*See* Dkt. 375). The generous standard for amending pleadings may have allowed amendment, but there is no evidence—much less **clear and convincing** evidence—to support a punitive damages award. Speed's claim for punitive damages must be dismissed.[1]

## ARGUMENT

"Punitive damages are an extraordinary remedy to be allowed with caution and within narrow limits." *J.W. ex rel. B.R.W. v. 287 Intermediate Dist.*, 761

---

[1] Defendants incorporate by reference the facts relevant to Speed's claim for punitive damages as set forth in ECF Dockets 254, 318, and 334.

N.W.2d 896, 904 (Minn.App. 2009). Minnesota law allows punitive damages "only upon clear and convincing evidence" the defendant's acts showed "deliberate disregard for the rights or safety of others." Minn. Stat. §549.20, subd. 1(a). A defendant acts with "deliberate disregard" when it: (1) "has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others," <u>and</u> (2) deliberately proceeds to act "in conscious or intentional disregard of" or "with indifference to" that high degree of probability. *Id.*, subd. 1(b)(1)-(2). The defendant's indifference must be malicious. *See Wikert v. N. Sand & Gravel, Inc.*, 402 N.W.2d 178, 183 (Minn.App. 1987).

At the summary judgment stage, a "court must ascertain whether a jury could reasonably find that plaintiff proved his case by" clear and convincing evidence. *Morrow v. Air Methods, Inc.*, 884 F.Supp. 1353, 1358 (D.Minn. 1995). The court construes the evidence favorably to the nonmovant **before** determining whether the evidence is clear and convincing. *Id.* at 1359 (summary judgment granted on punitive damages where "the evidence taken in the light most favorable to [plaintiff] fail[ed] to meet the quality and quantity of evidence required by Minnesota law to support an award of punitive damages"). "Drawing all reasonable inferences in favor of the plaintiff is not the equivalent of a showing of 'clear and convincing' evidence by the plaintiff." *Cenveo Corp. v. So. Graphic Sys., Inc.*, 2011 WL 2619077, at *1 (D.Minn. July 1, 2011).

Speed's punitive-damages claim cannot withstand summary judgment. First, as delineated in Defendants' previously filed motion for summary judgment,

2

Speed's tort claims must be dismissed. (Dkt. 334 at 23-38). For example, Speed failed to present evidence of tort damages separate from contract damages. (Dkt. 334, pp.23-26). The absence of tort claims is fatal to Speed's punitive-damages claim. *Hern v. Bankers Life Cas. Co.*, 133 F.Supp.2d 1130, 1138 (D. Minn. 2001).

Second, regardless of the Court's conclusion on the tort claims, Speed cannot establish by clear and convincing evidence that Defendants maliciously disregarded Speed's rights. For example, Speed allege Arctic Cat misrepresented its financial condition before entering into the Agreement. (Dkt. 376 ¶77). There is **no** evidence Arctic Cat made such a representation or Speed relied on such a representation. (Dkt. 254 at 18-21). Even if there were, the Agreement is fully integrated (Dkt. 335-1, Ex. 6, p.10), making reliance on alleged oral misrepresentations unreasonable as a matter of law. *Burnsville Sanitary Landfill, Inc. v. Edward Kraemer & Sons, Inc.*, 2004 WL 1465828, at *5 (D.Minn. June 28, 2004). Moreover, given Speed's self-proclaimed business acumen and reliance on counsel for due diligence (Dkt. 335-1, Ex. 4, p.51-52), there was no "high probability of injury" from any of the pre-Agreement discussions.

Speed also asserts Defendants "deliberately conceal[ed]" Zeus, which was supposedly "a competing off-road vehicle production program." (Dkt. 235 at 4). The undisputed evidence shows Defendants "mothballed" Zeus in 2015 and reimagined it into "a whole different new project" in 2016. (Dkt. 335-1, Ex. 9, pp.83-84, 155, 179). Even if Zeus was developed during that time, nothing in the

Agreement or elsewhere committed Defendants to working exclusively on Speed-designed vehicles, or to disclosing work being done on other projects. By any metric, Zeus does not entitle Speed to seek punitive damages.

Lastly, Speed claims Defendants "purposefully tried to undermine [Speed's] royalty payments," which allegedly prevented Speed from taking their designs elsewhere. (Dkt. 235 at 3). In truth, Defendants simply disagreed that aspects of Speed's designs were novel—within their right under the Agreement. (*See* Dkt. 254 at 38-41; Dkt. 335-1, Ex. 6, p.2). Defendants' exercise of a valid, bargained-for contractual right is not evidence of a malicious disregard for Speed's rights. *See Driscoll v. Standard Hardware, Inc.*, 785 N.W.2d 805, 814 (Minn.App. 2010). Moreover, as Magistrate Judge Brisbois noted, Speed "have not pointed to any specific opportunity that they forewent." (Dkt. 286 at 8). That remains true, and Speed cannot provide **clear and convincing evidence** to the contrary.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant summary judgment on Speed's claim for punitive damages.

Respectfully submitted,

Dated: August 15, 2021  **HAWS-KM, P.A.**

*s/ William L. Moran*
Daniel A. Haws (#193501)
William L. Moran (#0177167)
Cody M. Bauer (#0401470)
Kathleen K. Curtis (#388279)
30 East Seventh Street, Suite 3200
St. Paul, MN 55101-4919
(651) 227-9411
dhaws@hkmlawgroup.com
wmoran@hkmlawgroup.com
cbauer@hkmlawgroup.com
kcurtis@hkmlawgroup.com

*Attorneys for Defendants
Arctic Cat Sales Inc., Arctic Cat Inc.,
Textron Specialized Vehicles Inc., and
Textron Inc.*

4824-2823-8069, v. 2