# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

SPEED RMG PARTNERS, LLC; ROBBY GORDON; and TODD ROMANO,

        Plaintiffs,

v.

ARCTIC CAT SALES INC.; ARCTIC CAT INC.;      TEXTRON      SPECIALIZED VEHICLES INC.; and TEXTRON INC.,

        Defendants.

Case No. 20-CV-609 (NEB/LIB)

ORDER ON APPEAL OF DENIAL OF MOTION TO COMPEL

---

This case consolidates two similar actions—one by Speed Partners against Arctic Cat, and one by Arctic Cat against Speed Partners.[1] The parties sued each other on the same day in two different states—Speed Partners filed in California, and Arctic Cat filed here in Minnesota. The Minnesota case went to California for a time, and then the California judge consolidated the cases and sent them back to Minnesota. Now, the magistrate judge, in evaluating a motion to compel, has determined that consolidation means that there is only one operative complaint in the consolidated case—that of Speed Partners—and that the complaint filed by Arctic Cat has no effect. Because this result is

---

[1] For this order, the Court refers to Speed RMG Partners, LLC, Robby Gordon, and Todd Romano collectively as "Speed Partners," and refers to Arctic Cat Sales Inc., Arctic Cat Inc., Textron Specialized Vehicles Inc., and Textron Inc. collectively as "Arctic Cat."

legally erroneous and not the intent of the Court, the Court reverses that portion of the magistrate judge's order, but otherwise affirms the discovery ruling.

## BACKGROUND

Because the parties are familiar with the substantive facts of the case, the Court does not detail them extensively. It is enough to say that this case stems from a product development relationship that went south. Speed Partners accuses Arctic Cat of fraud and breach of contract; Arctic Cat accuses Speed Partners of breach of contract, conversion, trademark infringement, and misappropriation of intellectual property.

### I.    The Case

This case began as two separate cases in two separate districts. Arctic Cat (minus Textron, Inc.), sued Speed Partners in the District of Minnesota. (*Arctic Cat Inc. v. Speed RMG Partners, LLC*, No. 19-CV-873 (NEB/LIB), ECF No. 1.) The same day, Speed Partners sued Arctic Cat in the Central District of California. (*Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, No. 2:19-CV-2362-FMO-GJS, ECF No. 1.) Here in Minnesota, this Court granted Speed Partners' motion to dismiss the *Arctic Cat* case based on exceptions to the first-to-file rule. This Court also ordered the case transferred to the Central District of California and consolidated with the case brought by Speed Partners. (19-CV-873, ECF No. 52 at 8–14; *see Arctic Cat Inc. v. Speed RMG Partners, LLC*, No. 2:19-CV-7435-FMO-GJS, ECF No. 77.)

Once in California, Arctic Cat filed its First Amended Complaint (FAC), claiming breach of contract, breach of good faith and fair dealing, federal and common law trademark infringement, and conversion and misappropriation of intellectual property, as well as a declaratory judgment claim. (No. 2:19-CV-7435-FMO-GJS, ECF No. 85 ¶¶ 58–99.) The conversion and misappropriation of intellectual property claim accused Speed Partners of having "obtained, stolen, converted, and appropriated" Arctic Cat's intellectual property for its own benefit. (*Id.* ¶ 86.) Arctic Cat's breach of contract claim also accuses Speed Partners of "attempting to convert . . . intellectual property rights." (*Id.* ¶ 61(e).)

Judge Fernando M. Olguin, District Judge for the Central District of California, presiding over both cases, issued an order to show cause why the two actions should not be consolidated. (No. 2:19-CV-7435-FMO-GJS, ECF No. 68.) Neither Arctic Cat nor Speed Partners objected, and Judge Olguin ordered consolidation. (*Id.*, ECF No. 77 ("California Consolidation Order").) The California Consolidation Order stated that the clerk of court "shall consolidate these actions such that the earlier filed action [filed by Speed Partners] . . . . is *the lead case*." (California Consolidation Order at 2 (emphasis added).) Judge Olguin then ordered the case filed by Arctic Cat to be administratively closed. No court has issued a judgment or order of dismissal of any of Arctic Cat's claims.

Next, Judge Olguin transferred both cases back to this Court. (No. 2:19-CV-7435-FMO-GJS, ECF No. 85.) Notably, they were transferred separately; the case filed by Speed

3

Partners was assigned to United States District Judge Susan Richard Nelson, and the case filed by Arctic Cat was assigned to the undersigned. (ECF Nos. 86, 92.) The undersigned and Judge Nelson issued a joint order reassigning the *Speed Partners* case to the undersigned because the two suits were "related cases." (ECF No. 92; 19-CV-873, ECF No. 57 ("Minnesota Consolidation Order")). The order required parties to use the *Speed Partners* case number (20-CV-609) going forward, and stated that "a copy of this order shall be filed *in each of the above respective files*." (*Id.* at 2 (emphasis added).)

In the consolidated case, Arctic Cat did not re-allege the claims listed in its FAC. Instead, Arctic Cat simply answered Speed Partners' First Amended Complaint; in that Answer, it did not explicitly allege any counterclaims. (ECF No. 100.) Speed Partners later filed a Second Amended Complaint (ECF No. 164.) Arctic Cat again answered, asserting no counterclaims. (ECF No. 260.) At one point, Arctic Cat filed a "statement of case," which included the claims in, and reference to, its FAC. (ECF Nos. 104, 104-1.)

Speed Partners moved for partial summary judgment on the claims in Arctic Cat's First Amended Complaint, which was filed during the time that the case was in California. (ECF No. 339 (motion for summary judgment).)  Speed Partners is seeking dismissal of Arctic Cat's trademark infringement claims, intellectual property misappropriation claims, and punitive damages claims, but not Arctic Cat's claims for breach of contract or breach of good faith and fair dealing. (ECF Nos. 339, 341.) Speed Partners acknowledges that Arctic Cat's First Amended Complaint (FAC) was filed on

the California docket. (ECF No. 341 at n.2.) As explained above, that case was later transferred to Minnesota and consolidated on the current docket. Speed Partners' summary judgment argument does not include any contention that the FAC is no longer an operative complaint. (*Id.*). The summary judgment motion is currently scheduled to be heard by the undersigned on October 27, 2021.

## II.    The Motion to Compel

Arctic Cat's motion to compel seeks to examine certain vehicles that Speed Partners' principals Gordon and Romano developed through a non-party, Speed UTV. (ECF No. 295; ECF No. 297 at 2–11.) Speed Partners opposed the motion, arguing that: (1) it did not have possession or control of the vehicles; (2) the motion was not sufficiently particular; (3) the motion did not comply with Rule 34 of the Federal Rules of Civil Procedure; and (4) the vehicles were not relevant because Arctic Cat did not bring a patent infringement claim. (ECF No. 305 at 4–13.) At no point in opposing Arctic Cat's motion did Speed Partners assert that Arctic Cat had *no* claims in this litigation.

Magistrate Judge Brisbois denied Arctic Cat's Motion to Compel. (ECF No. 351 ("MTC Order").) Judge Brisbois concluded that Arctic Cat's FAC "is not the operative pleading in this case" because the *Arctic Cat* case has been consolidated with the *Speed Partners* case, and the *Arctic Cat* case has been administratively closed. (*Id.* at 27.) If the operative complaint is Speed Partners' SAC, and if Arctic Cat did not assert any counterclaims in the answer to the SAC, then Arctic Cat has no claims at all. (*Id.* at 26–

27.) And, if Arctic Cat has no claims, it is axiomatic that the discovery sought cannot be relevant to any claims. (*Id.*) As for defenses, Judge Brisbois concluded that the vehicle inspection was not relevant to Arctic Cat's damages mitigation defense because Arctic Cat's theory on that issue was "entirely speculative." (*Id.* at 28.)

After Judge Brisbois' order, Arctic Cat sought permission to move to reconsider, asserting that the cases, although technically consolidated, did not operate to waive Arctic Cat's claims. (ECF No. 353.) Judge Brisbois denied permission, reasoning that Speed Partners and Arctic Cat "cannot simultaneously both be defendants and plaintiffs in a single consolidated case"; hence, Arctic Cat could only assert counterclaims—not claims—against Speed Partners. (ECF No. 354 at 2–3 (quotation omitted).) Judge Brisbois also concluded that, even if Arctic Cat had asserted claims, the vehicle inspection was not relevant because those claims did not reference the vehicles or the LLC that developed them. (*Id.* at 3 n. 2.) Thus, the "proposed inspection [wa]s plainly a fishing expedition to develop new claims that Arctic Cat/TSV did not previously assert." (*Id.*)

Arctic Cat appealed to this Court. (ECF No. 369.)

## ANALYSIS

### I.    Legal Standard

The Court's review of a magistrate judge's ruling on a non-dispositive issue is "extremely deferential." *Smith v. Bradley Pizza Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018), *aff'd*, 821 F. App'x 656 (8th Cir. 2020) (quotation omitted). The Court will only

disturb such a ruling if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). Clear errors occur when the Court "is left with the definite and firm conviction that a mistake" has been made. *Smith*, 314 F. Supp. 3d at 1026 (quotation omitted). Rulings are contrary to law when a court either does not apply or misapplies "relevant statutes, case law, or rules of procedure." *Id.* (quotation omitted).

## II.   Arctic Cat's Claims

Rule 42 of the Federal Rules of Civil Procedure permits a district court, if "actions before the court involve a common question of law or fact, . . . [to] join for hearing or trial any or all matters at issue . . . [or] consolidate the actions . . . ." Fed. R. Civ. P. 42(a). The parties do not address which circuit's law of consolidation applies,[2] but fortunately, both the Eighth and Ninth Circuit's approaches reach the same conclusion.

### A.   *The Eighth Circuit Approach*

In the Eighth Circuit, "even after consolidation, the cases retain much of their independent identity. Consolidation does not merge lawsuits into a single action, 'or change the rights of the parties, or make those who are parties in one suit parties in another.'" *United States v. Altman*, 750 F.2d 684, 695 (8th Cir. 1984) (quoting *Johnson v.*

---

[2] Speed Partners first filed in the Central District of California, within the Ninth Circuit's jurisdiction; Arctic Cat first filed before this Court, within the Eighth Circuit's jurisdiction. Consolidation occurred in the Central District of California. Since both paths lead to the same destination, the Court walks both.

*Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). The Eighth Circuit recognizes both "real[]" consolidation and "technical consolidation." *Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 711 (8th Cir. 1996). If two cases are "really consolidated and merged into one," *id.*, then whichever party became the nominal "defendant" would have to counterclaim to preserve affirmative claims. But if only "technical consolidation" occurs, "then each suit retains its individual nature," and claims in the second case remain viable. *Id.*

In *Tri-State Hotels*, the district court did not explicitly state whether "the two lawsuits were formally merged for all purposes," but it appeared that "they were merged for the purposes of convenience only and were not formally merged." 79 F.3d at 711. In so concluding, the Eighth Circuit noted that (1) "the district court did not clearly state [that] the two lawsuits were formally merged," (2) although the district court had used a single docket number for both cases, it had also referred to "future filings 'in these two suits,'" (3) consolidation would conserve judicial resources and be convenient for the parties, and (4) the district court referred to the other case as "related litigation" rather than "other matters in this case." *Id.* at 711–12.

As in *Tri-State Hotels*, neither this Court nor Judge Olguin formally consolidated the two cases for all purposes. As to California: *First*, there is no reference in the order to a formal consolidation. *Second,* the California Consolidation Order called the case filed by Speed Partners "the lead case," implying that there was more than one. (California Consolidation Order at 2.) *Third*, the same order noted that "consolidation would save

time and effort and would not unduly burden any party," again implying only technical consolidation. (*Id.*) *Fourth,* that order also directed the clerk of court to administratively close the case filed by Arctic Cat—it did not dismiss the claims in that case or issue a judgment on them. (*Id.*)

As to Minnesota: *First*, the Court has never entered judgment or dismissed the case filed by Arctic Cat. *Second*, both cases were transferred back to Minnesota and initially assigned to separate judges. (ECF No. 86, 92.) *Third,* technical consolidation matches the parties' behavior and litigation positions.[3] The consolidation was merely "technical" and that each case retained its separate nature.

---

[3] The Court finds Speed Partners' primary argument in support of affirming Judge Brisbois' decision (that Arctic Cat abandoned its claims) troubling. The parties have litigated this case for over two years. The case began with a race to the courthouse by both parties, each accusing the other of breaching a contract. Indeed, Speed Partners moved for partial (not full) summary judgment on Arctic Cat's claims. (ECF No. 339.) That motion lacked any indication that Speed Partners believed that Arctic Cat had waived their claims. (*See generally* ECF No. 341.)

It is absurd to now argue, as Speed Partners does, that it "only filed [its] summary judgment motion out of an abundance of caution to preserve its legal rights, and will withdraw it if the Court finds Defendants' claims abandoned." (ECF No. 373 at 10 n.2.) That Speed Partners moved only for partial summary judgment underscores this absurdity: if Speed Partners had truly believed that Arctic Cat had no claims, they would have moved for summary judgment on all claims and included a waiver argument. The parties have conducted exhaustive discovery into this case as well as extensive motion practice before both the Court and Judge Brisbois, including: a motion to disqualify Speed Partners' counsel (ECF No. 106); no less than four motions to compel (ECF Nos. 107, 177, 242, 295); a motion to stay discovery (ECF No. 115); a motion to dismiss (ECF No. 167); motions for protective orders (ECF Nos. 201, 205, 265, 289); a motion to amend to seek punitive damages (ECF No. 233); a motion to quash (ECF No. 265); a motion to amend the scheduling order (ECF No. 320, 378); a motion to strike or dismiss counterclaims (ECF

B.       *The Ninth Circuit Approach*

The Ninth Circuit holds that consolidation does not "make those who are parties in one suit parties in another." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 n.1 (9th Cir. 1987) (citing *Johnson*, 289 U.S. at 497). Although the Ninth Circuit has questioned *Johnson*'s validity in certain contexts in light of Rule 42, it has concluded that it remains good law in others, including these circumstances. *See Schnabel v. Lui*, 302 F.3d 1023, 1035–36 (9th Cir. 2002) (noting that Ninth Circuit cases had "implicitly reject[ed] some consequences of *Johnson*" but that "[a]t the same time, *Johnson* maintains viability in other contexts").

This pronouncement by the Ninth Circuit is sufficient to dispose of the issue before the Court: the California Consolidation Order did not merge the *Speed Partners* case and the *Arctic Cat* case such that Arctic Cat had to counterclaim to maintain their affirmative claims against Speed Partners.[4]

---

No. 407);  and cross-motions for summary judgment. (ECF Nos. 332, 339, 384) And this list does not include motion practice that occurred before the case's return to undersigned. In addition, many of these filings are extremely long. (*E.g.*, ECF No. 244 (thirty-page brief in support of Speed Partners' motion to compel); ECF No. 297 (forty-page brief in support of motion to compel); ECF No. 299 (over 3,000 pages of documents appended to declaration in support of motion to compel).) These are hardly the actions of a party that has abandoned its claims, or those of a party that believes its opponents have abandoned theirs.

[4] Judge Brisbois correctly noted that Arctic Cat asserted no counterclaims. (ECF No. 161 at 11, 22; ECF No. 173 at 3.) The fact that Arctic Cat did not object to these statements is

In sum, Arctic Cat retained the affirmative claims against Speed Partners set forth in its First Amended Complaint. For the convenience of the parties and the Court, Defendants shall re-file their First Amended Complaint (captioned as such) with the Court within seven (7) days of entry of this Order.[5]

### III.    Motion to Compel

Deciding that Arctic Cat has not abandoned its claims does not answer the underlying issue fully. There remains the issue that brought the parties before Judge Brisbois in the first place—the motion to compel. The governing standard for that motion is that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The question here is whether the vehicle inspection requested by Arctic Cat is relevant to a claim or defense in the case.

As to claims, Arctic Cat asserts that "[a] critical dispute in this case relates to the ownership of intellectual property which was developed and incorporated into vehicles" under the contract. (ECF No. 369 at 12.) Arctic Cat does not allege that the vehicles are relevant to any of its other claims. (*See id.* at 11–13.) Count V, however, relates only to Speed Partners' alleged misappropriation and conversion of intellectual property, (2:19-

of no moment: Arctic Cat could not have surmised that these statements were an indication they needed to present counterclaims to preserve the claims in their FAC.

[5] The FAC is currently found attached to one of Speed Partners' declarations in support of summary judgment—ECF No. 344, Ex. 13.

CV-7435-FMO-GJS, ECF No. 85 ¶¶ 85–89), a claim which Arctic Cat has abandoned in its summary judgment filings. (ECF No. 355 at 2 ("[Defendants do] not oppose dismissal of [their] claims for conversion and misappropriation of intellectual property."); *see* ECF No. 369 at 10 n.3 (appealing MTC Order).) The motion to compel must be denied because Arctic Cat abandoned the only claim to which it believes the vehicle inspection is relevant.[6]

But Arctic Cat also argues that the inspections are relevant to one of its defenses— Speed Partners' duty to mitigate damages. (ECF No. 369 at 13–14.) As Judge Brisbois noted, however, Arctic Cat does not specify how such an inspection would be relevant beyond the *possibility* that Speed Partners is "now using designs they claim Arctic Cat/TSV could have used." (ECF No. 369 at 13–14; ECF No. 297 at 8 (same); *see* MTC Order at 27–28 ("Defendants have not provided this Court with any explanation whatsoever as to how Plaintiffs could possibly mitigate their damages to the alleged breach of contract by incorporating certain unspecified design elements . . . .").) Judge Brisbois did not

---

[6] Defendants' claim for breach of contract also accuses Speed Partners of breaching the contract by "attempting to convert . . . intellectual property rights." (*Speed California*, ECF No. 104 ¶ 61.) But the claim alleges no facts related to the vehicles Defendants seek to inspect, nor explains how any information they would obtain from an inspection could be relevant. And by abandoning their misappropriation and conversion of intellectual property claims, Arctic Cat has potentially abandoned the portion of their breach of contract claim that relates to the same allegations. Judge Brisbois did not clearly err in denying the motion to compel on the grounds of relevance. The Court does note, however, that, since dispositive motions have now been filed, and Arctic Cat could not assert any new claims based on information an inspection would provide, whether the motion is "a fishing expedition to develop new claims" is irrelevant.

clearly err, nor rule contrary to law, in making this conclusion. Thus, the Court will uphold the magistrate judge's underlying denial of the motion to compel.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Defendants' Appeal (ECF No. 369) is GRANTED IN PART to the extent that it objects to the MTC Order's conclusion that Defendants have no pending claims, and DENIED IN PART to the extent that it objects to the MTC Order's denial of the motion to compel;

2.  The MTC Order (ECF No. 351) is AFFIRMED IN PART to the extent that it denies the motion to compel; and

3.  Arctic Cat shall re-file their First Amended Complaint (2:19-CV-7435-FMO-GJS, ECF No. 85) in this action; Speed Partners shall re-file their Answer (2:19-CV-7435-FMO-GJS, ECF No. 91.)

Dated: September 16, 2021                    BY THE COURT:

                                             s/Nancy E. Brasel
                                             Nancy E. Brasel
                                             United States District Judge